UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| STEVEN GATES, )<br>)<br>Petitioner, )<br>v. )<br>)<br>RICHARD BROWN,[1] )<br>)<br>Respondent. ) | Case No. 2:14-cv-245-JMS-WGH |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Steven Gates for a writ of habeas corpus challenges a prison disciplinary proceeding in IYC 14-04-0028 in which he was found guilty of aggravated battery. For the reasons explained in this entry, Mr. Gates' habeas petition must be **denied**.

## I. Overview

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

---

[1] The petitioner's current custodian is substituted as the respondent.

## II. The Disciplinary Proceeding

On April 2, 2014, Internal Affairs Division Officer C. Stilwell, who worked at the Plainfield Correctional Facility, wrote a Report of Conduct charging Mr. Gates with the prison disciplinary offense of violation of a state law, Ind. Code § 35-42-2-1.5, which criminalizes aggravated battery. The conduct report states the following:

> On March 14, 2014 at approximately 12:30pm Officers called for assistance to the G&H hallway. Upon arrival Capt. C. Thompson was approached by an Offender [Matthews] who had a puncture wound below his left nipple that was bleeding profusely. The Offender also had a cut above his left eye that was bleeding. Captain Thompson stated that the puncture wound had the resemblance of a stab wound. Captain Thompson immediately told the Offender to apply pressure and ordered Sgt. Delashmit to escort him to the Health Service Unit immediately. Once at medical it was determined that the Offender had a possible punctured lung and needed to go out by ambulance to Eskenazi Hospital.
>
> Captain Thompson stated that during this time Offender Gates, Steven 962108 came out of H-Unit with injuries to his right eye and could barely walk. Offender Gates was escorted to medical and Internal Affairs Stilwell questioned him about his injuries. While being interviewed Offender Gates did admit that he stabbed Offender Matthews with a homemade knife that he flushed down a toilet after the incident. Offender Gates stated he had to for self defense. Offender Gates stated that the Offender allegedly grabbed 8 braids in the back of Offender Gates' head and tore them from his scalp. Officers told Offender Gates to help pack an Offender that was moving out of F [sic] unit. When Offender Gates entered F [sic] unit he stated that the Offender began taunting him calling him a bitch and challenging him to a fight. Offender Gates then left and returned with a shank and stabbed Matthews twice while several Offenders jumped on Offender Gates trying to get the shank from him. It is believed that is when Offender Gates obtained his injuries.

The report further explained that these facts were confirmed by a "reliable confidential informant." Dkt. 7-1.

On April 3, 2014, Mr. Gates was notified of the charge and served with the Notice of Disciplinary Hearing (Screening Report), which notified Mr. Gates of his rights. Mr. Gates pled not guilty (self-defense) and requested 24-hours' notice of his hearing. He requested the assistance

of a lay advocate, the testimony of Officer Wallon, and physical evidence in the form of video footage from the H-unit camera and the recording of his interview with Internal Affairs. The hearing was to occur on April 5, 2014, at the earliest.

In advance of the hearing, on April 4, 2014, Sergeant Feldkamp, the hearing officer, reviewed the video and audio recording and determined that allowing Mr. Gates to do the same would "jeopardize the safety and security of the facility." Dkt. 7-2, p. 2. Sgt. Feldkamp summarized the contents of the video, observing that "Offender Gates, Steven #962108 can be clearly observed and identified as one of the combattants," "Offender Gates can be observed on the ground being assaulted by several offenders when he is attempting to stand up," and "can be observed striking an offender with an object." *Id.* On the audio recording, Mr. Gates admits that he saw a piece of metal on the ground, picked it up and stabbed another offender with it. He further admitted that he disposed of the weapon in the toilet. *Id.*

On April 7, 2014, Sgt. Feldkamp conducted a disciplinary hearing in Mr. Gates's case. Officer Taylor served as Mr. Gates's lay advocate. During the hearing, Mr. Gates provided the following comment:

> What she stated in this write up is not the same as the video. I was defending myself. I am a victim. I never went to another unit to get a weapon. I picked up the weapon and stabbed this man. I was attacked. I am pleading self defense.

Officer Wallon confirmed that he "did order offender Gates to go into H Unit to move an offender out, but did not tell/order him to stab anyone."

At the conclusion of the proceeding, the hearing officer found Mr. Gates guilty of the charge of violating Indiana law prohibiting aggravated battery. At the end of the hearing and based upon the hearing officer's recommendations, the following sanctions were imposed: a transfer to a more secure facility, a thirty-day loss of telephone and recreation privileges, a 360-day

disciplinary segregation, $500 restitution to cover the other offender's medical costs, the deprivation of 360 days of credit time, and demotion from credit class 1 to 3.

Mr. Gates' appeals through the administrative process were denied. He now seeks relief pursuant to 28 U.S.C. § 2254, arguing that his due process rights were violated.

### III.  Analysis

Mr. Gates' claims for habeas relief are that: 1) the evidence did not support a Class A100 charge of aggravated battery because he was a victim who was assaulted by several offenders, in violation of ADP Policy and due process; 2) the conduct report and audio-video report supports his claim of self-defense; 3) the hearing officer failed to consider the video and audio evidence which contradicted the conduct report; 4) he was not provided 24 hours' notice of the summary of evidence and the statements in violation of ADP Policy and due process; and 5) a statement of proof of reliability of the confidential informant was not provided in violation of the Indiana Rules of Evidence.

Mr. Gates' claims relating to the sufficiency of the evidence, his claim of self-defense, and that the conduct report was contradicted by the video/audio report are the only ones exhausted at both stages of appeal. All other claims have been procedurally defaulted. *See Markham v. Clark*, 978 F.2d 993, 995 (7th Cir. 1992) (holding that the principles of exhaustion of available state remedies apply to prison disciplinary proceedings). Nonetheless, because Mr. Gates' claims overlap in many respects, the Court will consider the substance of all of them.

In several of Mr. Gates' claims, he alleges violations of provisions of Indiana Department of Correction policies and procedures ("ADP") and violations of Indiana Rules of Evidence. Those claims are without merit because habeas corpus relief cannot be based upon a violation of state law. *Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for

federal habeas review."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief); *Keller v. Donahue,* 2008 WL 822255, 271 Fed.Appx. 531, 532 (7th Cir. Mar. 27, 2008) (in a habeas action, an inmate "has no cognizable claim arising from the prison's application of its regulations."). In addition, Mr. Gates had a right to 24 hours' notice of the hearing and charge against him, not a right to view the evidence 24 hours in advance of the hearing. *Wolff,* 418 U.S. at 564 ("We hold that written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense.").

Mr. Gates' other claims are all grounded on his assertion of self-defense. This does not render his disciplinary conviction invalid, however. "[I]nmates do not have a constitutional right to raise self-defense as a defense in the context of prison disciplinary proceedings." *Jones v. Cross,* 637 F.3d 841, 847-48 (7th Cir. 2011); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007) (same). Therefore, his claims that the evidence was insufficient and that the evidence supported his defense fail. The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Here, the audio and video reports, the conduct report, and Mr. Gates' own admission support a finding that he committed an aggravated battery.[2]

---

[2] Under Indiana law, the elements of aggravated battery are: the knowing or intentional infliction of injury which "creates a substantial risk of death or causes: (1) serious permanent disfigurement; (2) protracted loss or impairment of the function of a bodily member or organ[.]" Ind. Code. § 35-42-2-1.5. Mr. Gates admitted to knowingly and intentionally stabbing another offender. That along with the offender's profuse

Mr. Gates argues that the video and audio evidence contradict the conduct report and any confidential statement by showing that he did not leave the building to obtain a weapon. This argument relies on Mr. Gates' contention that because he acted in self-defense, he should not have been convicted of aggravated battery. Whether or not he left the room is not dispositive in this case. Again, this defense lacks merit in the context of disciplinary proceedings.

It is true that when a disciplinary board relies on a confidential informant's testimony, it may keep the informant's identity secret, but must provide an indication that the informant is reliable. *Whitford v. Boglino,* 63 F.3d 527, 535 (7th Cir. 1995). Aside from waiver, even if the Court assumes that the indication of reliability was lacking in this case, Mr. Gates has not shown any prejudice. *See Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003) (harmless error analysis applies to prison disciplinary hearings). Mr. Gates cannot show prejudice because he does not deny stabbing another offender. The conduct report and video/audio recordings (of his admissions) are sufficient evidence to support the charge.

Mr. Gates was given notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Gates' due process rights.

### IV.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Gates' petition for a writ of

---

loss of blood and need to be rushed to the hospital with a possible punctured lung satisfied the statutory elements.

habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

      **IT IS SO ORDERED.**

Date: _October 14, 2015_

          Hon. Jane Magnus-Stinson, Judge
          United States District Court
          Southern District of Indiana

Distribution:

Steven Gates
DOC # 962108
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

Electronically registered counsel